UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSCAR LEE HILLIARD, Jr.,

    Petitioner,

v.

BRUCE CURTIS,

    Respondent,
_____/

Civil No. 5:07-14409
HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

## **ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL**

Before the Court is habeas petitioner Oscar Lee Hilliard's motion for the appointment of counsel.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko*

1

*v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a petition for writ of habeas corpus, in which he raises nine claims for relief. Petitioner has also submitted a sixty four page brief in support of his petition for writ of habeas corpus and a forty one page traverse to respondent's answer, in which he cites to numerous federal and state cases and constitutional provisions. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until the Court reviews the pleadings and the Rule 5 materials filed in this case, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES** the motion for appointment of counsel [Court Dkt. # 4] without prejudice. The Court will reconsider the motion if, following review of the pleadings and Rule 5 materials, the court determines that appointment of counsel is necessary.

    sJohn Corbett O'Meara
    United States District Judge

Date: July 28, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 28, 2008, by electronic and/or ordinary mail.

             s/William Barkholz
             Case Manager